COLL, PLAINTIFF AND APPELLANT, *v.* PORTO RICO RAILWAY, LIGHT & POWER COMPANY, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in an Action for Damages.

No. 2350.—Decided July 12, 1921.

CONTRACT—DAMAGES—ELECTRIC CURRENT.—When in a contract for the supply of electric current it is agreed that if the consumer should fail to pay any bill upon presentation the company may cut off the current without further notice, the failure to pay for current consumed justifies the company in cutting off the current; and although some doubt might arise as to the company's right to enter the premises of the consumer without his consent for that purpose, the question is of no importance, for the damages claimed were not proved.

The facts are stated in the opinion.

*Mr. G. Cruzado Silva* for the appellant.

*Mr. J. H. Brown* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Cayetano Coll Cuchí brought an action against the Porto Rico Railway, Light & Power Company to recover $15,500 as damages, alleging that the defendant entered the plaintiff's office without his permission and by main force and cut off the electric current which it had agreed to supply him, thus depriving him of the service of light and power and preventing him from using his office during the night.

The defendant admitted in its answer that it had cut off the current and alleged that it did so in accordance with the terms of the contract because of the plaintiff's failure to pay

for the current consumed during three months. It maintained that it did not enter the plaintiff's office by main force and denied that the plaintiff suffered any damages.

The evidence was heard and the district court dismissed the complaint, whereupon the plaintiff appealed to the Supreme Court.

The office referred to belonged to the plaintiff, but the electric current was supplied under a contract signed on August 2, 1916, as follows: "Cay. Coll Cuchí, per Juan Pujol." The bills were always made out in the name of Juan Pujol. He died and three bills were not paid. The defendant finally demanded payment by letter. The plaintiff replied to that letter and informed the defendant that Pujols had died without leaving any property. The defendant then ordered that the current be cut off and the meter be taken away. When its employees attempted to execute these orders the plaintiff interfered and prevented it while he was present, but, taking advantage of a time when the only person in the office was a girl and without asking anybody's permission, yet without employing any force or violence whatsoever, the employees went in and cut off the current.

The plaintiff maintained that when he answered the letter demanding payment he did not know that the debt was for current supplied to his office. He also averred that he was at all times willing to pay and only asked that the bills be made out in his name, to which the company agreed. The company denied this version of the facts and the conflict in the evidence was adjusted by the district judge against the plaintiff.

It was shown that for one reason or another the current consumed was not paid for and, therefore, that the defendant acted within the authority clearly acknowledged in the contract in cutting off the current. The contract reads in part as follows:

"That if the consumer should fail to pay any or all of the bills

fully upon presentation the company may remove the meter and cut off the current without further notice.''

The only question that might raise some doubt is that of the defendant's right to enter the plaintiff's office without his consent; but that doubt is of no importance for the purposes of the present appeal, considering the fact that the plaintiff did not show that he suffered any damages and that he himself testified before the court that under orders given by him his *chauffeur* connected the wires and the plaintiff continued to use the electric current.

For a consideration by analogy of the principle involved, see the case of *Silverstin* v. *Kohler & Chase,* 9 A. L. R. 1177, and authorities therein cited.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.